### Ex Parte Epsy Jones.

#### No. 5258.    Decided January 29, 1919.

**Habeas Corpus—Selective Draft Act—Refusing to Register—Chairman of Exemption Board.**

Where relator alleged that he was arrested upon the verbal request of the chairman of the local exemption board, and was held in jail thereon for several

Vol. 84 Crim.-32

days, and a complaint for vagrancy was filed against him after he had sued out a writ of habeas corpus, he must be released, as there is no authority of law justifying the arrest and detention of the relator, as shown by the record.

Appeal from the District Court of Rockwall. Tried below before the Hon. Joel R. Bond.

Appeal from a habeas corpus remanding relator to custody.

The opinion states the case.

*H. M. Wade*, for appellant.—Cited Ex parte Kearby, 34 S. W. Rep., 635; Short v. State, 16 Texas Crim. App., 44.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the District Court of Rockwall County remanding the relator to the custody of the sheriff of that county, after a hearing awarded him upon his petition for a writ of habeas corpus having for its object his discharge from the custody of said sheriff, which custody he alleges in his petition to be without any warrant or other process or authority of law. The respondent, the sheriff of Rockwall County, answered upon the hearing before said court that he arrested the relator upon the verbal request of the chairman of the local exemption board, doing service in said county under the Federal Selective Draft Act, and it appeared from the evidence that the original arrest was made upon said verbal request and that he held relator in jail from Monday until Saturday, and on Saturday filed a complaint against relator charging him with vagrancy, same being filed, however, after the writ of habeas corpus herein had been served upon him.

These facts appear to be without dispute in the record. After the order of the judge remanding the relator was made he brought the case before this court by regular appeal. No brief is on file for the respondent.

The Fifth Amendment to the Federal Constitution forbids that any citizen shall be deprived of life or liberty without due process of law, and substantially the same provision is contained in the Constitution of every State in the Union, and in Texas.

The provision of chapter 18, title 13, U. S. Statutes, regulating the procedure in cases of offenders against Federal laws, nowhere authorizes such proceeding as was had in this case, nor is there any authority to be found anywhere in the Selective Draft Act therefor. The Federal practice is expressly made by statute to conform to the State practice in similar matters except where otherwise especially provided for, and in consonance with our State practice, requires that in cases where an arrest is permissible without warrant the offender shall be at once carried before some magistrate or other persons authorized to hear the cause and remanded to custody or bail fixed as the case may demand.

We have examined the Selective Draft Act and are unable to find there

or anywhere·else any authority holding that one who is claimed to be guilty only of a misdemeanor, such as the statute makes the act of one who fails or refuses to register under the Selective .Draft Act, may be prosecuted in a different manner than one who is guilty of any other Federal misdemeanor. We nowhere find any authority given to the chairman of the local or district exemption board to direct or authorize the arrest of one whom he may suspect of being guilty of evasion of the terms of said Act, other than to proceed to make the usual and necessary complaint before some officer or grand jury authorized to receive it..

Respondent, in his answer, sets up the fact, as before stated, that after he held relator in his custody and after he was served with the writ herein, he then held him also under a State warrant. Said action came too late to be effective, relator being then held by virtue of the writ of habeas corpus served upon the sheriff. We are unable to find any authority justifying the arrest and detention of this relator in the manner as disclosed by the record in this case, and we therefore feel compelled to reverse the decision of the lower court and to here direct the sheriff of Rockwall County to discharge the relator from custody.

Relator ordered discharged.

*Relator discharged.*