## GREENBERG et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 4, 1925.)

No. 292.

1. Criminal law ⊜393(1), 394—Testimony not inadmissible under Const. Amends. 4, 5, because police officers were without search warrant.

In prosecution under National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), for possessing and transporting intoxicating liquor, testimony of police officers of the city of New York, who made the arrest and seizure of liquor, was not inadmissible, under Const. Amends. 4, 5, because they were without search warrants.

2. Searches and seizures ⊜7—Federal officers not necessarily required to have search warrant to justify search and seizure.

It is not necessary, even in case of federal officers, that they should in all cases have search warrant to justify search and seizure, under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm); Const. Amend. 4, only providing security against unreasonable searches and seizures.

In Error to the District Court of the United States for the Eastern District of New York.

Morris Greenberg and another were convicted of possession and transportation of intoxicating liquor, and they bring error. Affirmed.

An information was filed against the plaintiffs in error, who were defendants below, and are hereinafter referred to as defendants. The information contained two counts.

The first count charged that the defendants, on November 13, 1923, in the borough of Queens, in the city and state of New York, unlawfully, wilfully, and knowingly possessed, in a place other than a private dwelling, certain intoxicating liquor, to wit, beer, which contained one-half of 1 per centum or more of alcohol by volume, and which beer was not to be used for nonbeverage, me-

dicinal, or sacramental purposes, contrary to section 3, title 2, Act of October 28, 1919 (Comp. St. Ann. Supp. 1923, § 10138½aa).

The second count charged the defendants at the time and place set forth in the first count, with unlawfully, willfully, and knowingly transporting the aforesaid liquor, contrary to sections 3 and 26 of title 2 of the said act (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½mm).

The defendants were convicted, and each was sentenced to pay a fine of $300.

Bertram N. Manne, of Brooklyn, N. Y., for plaintiffs in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Wm. A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before ROGERS, MANTON, and HAND, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The evidence upon which these defendants were convicted was given by certain police officers of the city of New York. The following is an excerpt from the testimony of one of these officers:

"Q. Did you see the defendant Morris Greenberg and Max Niernberg that day? A. I did.

"Q. Whereabouts? A. The corner of 102d street and Jamaica avenue, Queens county.

"Q. Here in the Eastern district? A. Yes, sir.

"Q. Were they together? A. Yes, sir.

"Q. Where were they when you saw them? Were they walking, or—? A. There was a truck on the corner of 102d street and Jamaica avenue; we were about a block away, and saw one of the defendants roll a barrel in the cellar. We walked up to this truck and saw this defendant, the thin one of the two, Niernberg— * * *

"The Witness: I saw him on the sidewalk with the truck. I asked him what he had on the truck. He said 'Near Beer'. I said, 'Open the truck.' He says, 'Do I have to?' I said, 'Yes,' and showed him my shield, and opened the truck and found—

"Mr. Manne: I object, on the ground that the defendant was illegally forced to give evidence against himself, and his constitutional rights were invaded by the action of the officer; that there is no evidence here of anything that would warrant the officer in making such a search or in forcing the defendant to open the truck.

"The Court: What Constitution are you referring to?

"Mr. Manne: The Constitution of the United States of America.

"The Court: Objection overruled.

"Mr. Manne: I respectfully except.

"Q. You saw the truck on 102d street and Jamaica avenue? A. Yes, sir.

"Q. Where was the truck—in front of the building? A. A former licensed liquor saloon.

"Q. Was this truck standing or in motion when you first observed it? A. Standing there.

"Q. Was any one with you? A. Officer Reich and Sherry and Hughs.

"Q. You saw this defendant. What was he doing when you first observed him? A. I observed about a block away a man rolling a barrel in the cellar. The cellar door was open, and walked toward there and saw Niernberg at the door, side door, of this truck, and the door was closed, and while asking him who owns the beer he wouldn't answer.

"Q. Tell us the first thing you said to him? A. I said 'Where did you get this?' He wouldn't answer me. With that, the defendant Greenberg came out of the cellar, and Officer Reich approached him and spoke to him. * * *

"Q. Tell us what you said to this defendant Niernberg, and what he said to you. A. I asked him where he got it.

"Q. Got what? A. The beer; the barrel of beer. There were 9 barrels and 6 empties, and he wouldn't say anything at all.

"Q. What kind of a truck was this? A. About a 2-ton truck, a closed truck.

"Q. Completely closed when you approached it? A. Yes, sir; the side door sliding.

"Q. Did you open the truck? A. I did— he did after I showed him my shield.

"Q. Did you ask him to open the truck? A. Yes.

"Q. He did? A. Yes.

"Q. What did you do? A. I went in to count the barrels, 9 full barrels and 6 empties. * * *

"Q. After your examination of the barrels what did you do? A. Placed the two defendants under arrest, took them to the station house, and Officer Reich had one of the barrels and took a sample—"

[1] The admission of the evidence was objected to on the ground that neither of the police officers, who made the arrest and seizure, had a search warrant; and it is claimed that the search and seizure was unlawful, and that the testimony was inadmissible, and contrary to the Fourth and

Fifth Amendments to the Constitution of the United States. There is no evidence in this record which brings this case within the doctrine of Flagg v. United States, 233 F. 481, 147 C. C. A. 367, and we think the case is disposed of by the decision of this court in Schroeder v. United States, 7 F. (2d) 60, handed down this day.

[2] Before concluding this opinion, we may call attention to the fact that it is not necessary, even in the case of federal officers, that they should in all cases have a search warrant to justify a search and seizure. The Fourth Amendment only provides that "the right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable* searches and seizures, shall not be violated. * * * " And section 26, title 2, of the National Prohibition Act, provides in part as follows: "When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. * * * "

The right of a federal agent to search and seize without a warrant intoxicating liquors being transported in an automobile contrary to law was considered very fully in the decision of the Supreme Court in the recent case of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, decided on March 2, 1925. It is not necessary for us to consider whether the decision of the instant case would have been different, if a federal officer had searched and seized the truck containing the liquors herein involved. If he had done so without a warrant, the seizure would still have been lawful, unless it appeared that the circumstances were such as to make his conduct unreasonable.

Judgment affirmed.