## KATZ v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 4, 1925.)

No. 291.

**Criminal law** ⬮393(1)—**Searches and seizures** ⬮7—**Const. U. S. Amends. 4, 5, held inapplicable, where seizure of liquor was by state police officer.**

Const. U. S. Amends. 4, 5, have no application, where seizure of liquor without search warrant was by a municipal police officer.

In Error to the District Court of the United States for the Eastern District of New York.

Harry Katz was convicted of possessing and transporting intoxicating liquor, and he brings error. Affirmed.

The defendant below was convicted under an information which charged him with violation of the Act of October 28, 1919, which is the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The information contained two counts.

The first count charged that the defendant, on January 8, 1924, in the borough of Queens, city and state of New York, unlawfully, willfully, and knowingly possessed, in a place other than a private dwelling, certain intoxicating liquor fit for beverage purposes, to wit, beer, which contained one-half of 1 per centum or more of alcohol by volume, and that the said beer was not to be used for nonbeverage, medicinal, or sacramental purposes; and it was alleged that this was contrary to section 3, title 2, of the act before mentioned.

The second count charged him with unlawfully, willfully and knowingly transporting, at the time and place mentioned in the first count, the said liquor, contrary to sections 3 and 26, title 2 of the said act.

The defendant was found guilty on both counts, and was sentenced to pay a fine of $500.

Bertram N. Manne, of Brooklyn, N. Y., for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Wm. A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before ROGERS, MANTON, and HAND, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). This case in its essential facts is like the case of Schroeder v. United States, 7 F.(2d) 60, decided this day, except that it does not appear from the record that the defendant was sentenced on both counts. The only witness, in addition to the chemist, who testified against the defendant, was a police officer of the city of New York, whose testimony was objected to on the ground that the liquor was obtained through an illegal search and seizure, in violation of the constitutional rights of the defendant, as secured to him by the Fourth Amendment to the Constitution.

The case having been brought into this

court by writ of error, the counsel for the defendant stated that the practical question in the case is whether a police officer in the city of New York, in an arrest for violation of acts prohibited by the National Prohibition Act, can give testimony forbidden to be given by a federal officer, and whether in fact such testimony should not have been prohibited, on the theory that the said police officer was an agent of the United States government, and to be held in contemplation of the Amendments of the Constitution. The police officer testified as follows:

"Q. Will you tell us exactly what occurred with reference to this defendant Harry Katz, on that day? A. I saw him driving a one-ton truck which was all inclosed, along the Bridge Plaza. He was driving east. He came up and turned on the Bridge Plaza over onto Jackson avenue, and the car continued going about half a block, turned around, and went back, and I stopped him on the opposite side of the street, on the west side of Jackson avenue, near Jane street. I stopped him, and asked him what he had on his truck. He said, 'Beer.' I asked him to let me see. He opened up the back of the truck, and there were 25 cases containing bottled beer. One of the cases I opened up, took a bottle out, sealed it— * * *

"Q. What did you see, when you looked into the truck, after it was opened? A. I saw cartons—I did not see the contents until after I had opened up one of them.

"Q. You had opened up one, and took one of the bottles out? A. I did.

"Q. What did you do with respect to that bottle? A. I sealed the bottle, and marked the defendant's name on, and the date, and brought it to the chemist the following morning.

"Q. You put a label on it, you mean? A. Yes, sir.

"Q. And wrote your name on the label? A. Wrote my name on the label.

"Q. Was the bottle a full bottle when you took it out? A. The bottle was. * * *

"Q. Did you have any conversation with the defendant? A. I asked the defendant what kind of beer it was? He said he did not know what kind of beer was in the bottles.

"Q. He did not know? A. He did not know.

"By the Court: Q. Is that all you asked? A. I asked who owned the truck, and he told me he was driving for a party, and showed me the license card for the truck, who owned the truck and all. * * *

"Q. Did you do anything with reference to the truck or the other liquor? A. I sealed all the cartons.

"Q. What did you do? A. I also sealed the door of the truck, and left it at the station house, and the defendant had it sent down—

"The Court: You left it at the station house. * * *"

On cross-examination he testified as follows:

"Q. The only reason that you had for stopping this wagon at all was that it was a closed wagon; is that right? A. That is the reason, the only reason.

"Q. That is the only reason? A. That is the only reason.

"Q. Isn't it a fact that this man told you that he didn't know what was in these bottles at all? A. He told me there was beer in them.

"Q. They were carton boxes, were they? A. Yes, sir.

"Q. And each one of these boxes was closed, was it? A. They were.

"Q. In order to find out what was inside, you had to rip open a cover; is that right? A. That is right."

The testimony of the officer was, in some particulars, contradicted by the defendant. But the jury evidently believed the officer, and rejected the testimony of the defendant.

There is no testimony in the case which shows that this officer was acting upon the instigation of any federal official, or had any understanding with any one connected with the United States government. Undoubtedly the arrest and seizure was for a federal offense and in enforcement of a federal law. But the Fourth and Fifth Amendments have no application to the facts in this case. And upon the authority of Schroeder v. United States, 7 F.(2d) 60, referred to at the beginning of this opinion,

Judgment is affirmed.