## UNITED STATES v. BUMBOLA et al.

District Court, N. D. New York. January 5, 1928.

1. **Intoxicating liquors** ⚖➠249—**New York state troopers are not "agents of United States" for enforcement of National Prohibition Act (27 USCA).**

New York state troopers are not "agents of the United States" for enforcement of the National Prohibition Act (27 USCA).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agent.]

2. **Intoxicating liquors** ⚖➠249—**Seizure by state troopers of liquor being transported in violation of National Prohibition Act held not illegal, when made manifest to them without search (27 USCA).**

The finding by state troopers, while in performance of their duties under Highway Law N. Y. (Consol. Laws, c. 25) § 282, subd. 4-a, of liquor being transported in violation of the National Prohibition Act (27 USCA) not through search, but by voluntary statements and acts of the drivers, *held* to authorize them to arrest the drivers and seize the liquor, and turn them over to the federal authorities.

3. **Arrest** ⚖➠63(3)—**Duty of state peace officer to arrest any person committing offense against United States in his presence.**

It is the right and duty of any peace officer of a state to arrest without warrant any person committing an offense against the United States in his presence, and to make any appropriate seizure in connection therewith.

Criminal prosecution by the United States against Joseph Bumbola and Lawrence Grimaldi. On motion by defendants to vacate search and seizure and to suppress evidence secured thereby. Denied.

O. D. Burden, U. S. Atty., of Syracuse, N. Y., and J. J. Crowley, Asst. U. S. Atty., of Elmira, N. Y.

Irving K. Baxter, of Utica, N. Y., for defendants.

BRYANT, District Judge. This is an application made before trial upon affidavits to vacate a search and seizure made by members of the New York state constabulary, commonly called "state troopers," without a warrant, and to suppress as evidence the use of the property seized thereunder, and to obtain a return of the property seized.

The moving and answering affidavits do not, in all respects, agree regarding the circumstances and facts surrounding the seizure. These discrepancies or disputes cannot be passed upon by the court through the medium of affidavits, and, when the statements are irreconcilable, the witnesses not being before the court, the facts and cirumstances surrounding the search and seizure, as related by the officers making such search and seizure, must control. Under this rule, in brief, the facts are:

That on November 12, 1927, State Trooper Spellicy was at the Oneida Barracks, N. Y., and by his superior officer was ordered to go out on the highway after a five-ton Mack truck bearing a New York license No. 736–646, which his superior officer informed him had just passed, going east toward Utica, N. Y. He was to check the driver of said truck, to ascertain whether or not he had a chauffeur's license and certificate of registration. In company with Trooper Wind he proceeded east and overtook said truck, and ordered the driver to stop. He asked the driver for his operator's license, which was produced. He asked for the certificate of registration, and the driver was unable to produce same. He then informed the driver that he would have to return to the barracks, in order to check up the ownership of the truck. The driver then asked the trooper, "Can't we fix this up?" and the trooper replied, "that he would have to return to the barracks." The driver then asked the trooper if he could get out of the truck and talk with him, and, having received an affirmative reply, he got off and went to the rear of the car with the trooper, and asked if he could not let him go, and the trooper replied that it was impossible. The trooper then asked the driver what he was hauling, and he replied that he had a load of beer, and, upon being asked what kind of beer, replied good beer, and again asked if it could not be fixed up. At about this time the other occupant of the truck got off and came back and held out his hand to the trooper. In his hand there was a quantity of paper money, and the trooper said, "Nothing doing." The trooper then went back to the front end of the truck, and asked the driver how to enter the truck, and the driver opened a door back of the cab seat, and there the trooper observed a number of bags and cases, and through a hole in one of the bags near the door he saw bottles, and the driver took one of the bottles out of the bag, which was a small pint bottle, and the trooper could see the label thereon, "Black Horse Canadian Ale." The trooper then ordered the driver to turn around and go back to the barracks, and the truck and load was thereafter turned over to United States prohibition officials, and the defendants arrested upon a charge of violation of the National Prohibition Act (27 USCA).

[1] This motion is made by accused, relying almost wholly upon the holding in the case of Gambino et al. v. U. S., 275 U. S. ——, 48 S. Ct. 137, 72 L. Ed. —— (opinion

read December 12, 1927). That case holds that "any officer of the law," mentioned in section 26 of title 2 of the National Prohibition Act (27 USCA § 40), refers to federal officers only, and that New York state troopers are not thereby made agents of the United States. They therefore have no greater authority in the enforcement of the National Prohibition Act than in the enforcement of any other federal law. It always has been, and now is, their duty, equally with federal officers, to enforce all laws passed by Congress, in so far as they have authority so to do. There being no prohibitory law in this state, the possession and transportation of intoxicating liquor, while a federal offense, is not a state offense, and state officials have not the authority of federal prohibition officials, acting under federal law, upon probable cause, to search automobiles for contraband liquors. When, if at all, they stop and search an autmobile for the sole purpose of aiding in the enforcement of the federal Prohibition Law they make an unauthorized and unwarranted search.

It is not, however, every unauthorized search and seizure that violates the rights guaranteed by the Fourth and Fifth Amendments to the Constitution. These amendments are restrictions on federal activities only. "The Supreme Court of the United States has emphatically held that the constitutional inhibitions, the Fourth and Fifth Amendments, are not directed against the conduct of state officials, either as such or as individuals, and accordingly it follows that, when a search and seizure and arrest for federal violation is made by state police on their own initiative and without co-operation with any agency of the United States, or when the arrest or seizure of property is entirely independent of the United States government or its officials, the evidence, though procured by the misconduct of the police, may nevertheless be used in prosecutions in a federal jurisdiction." In re Schuetze (D. C.) 299 F. 827–829, and cases therein cited.

Property may be searched by a private person, acting at his peril, and, if a cause of forfeiture is shown to exist against it, condemnation will follow, notwithstanding the seizure was by an unauthorized person. U. S. v. Story (C. C. A.) 294 F. 517–519, and cases therein cited. The Gambino Case does not in any way question these interpretations. It simply holds that the National Prohibition Act does not clothe the state troopers, in the absence of a state enforcement act, with any greater authority in the enforcement of the prohibition laws than they have in the enforcement of other federal laws; that is, that they are state officials, and not agents of the United States, and must act accordingly.

The state troopers had the right to stop the car in question, and check the driver for license and registration card. Highway Law N. Y. (Consol. Laws, c. 25) § 282, subd. 4-a. That was a state act, and one they were authorized and required to do. If, in the performance of that act, they, acting independently of the United States government and its officials, and not in co-operation with them, discovered a violation of a federal law being committed, and made the arrest, their acts would not come under the condemnation of the Fourth and Fifth Amendments, even though unauthorized. They would not have been acting solely for the purpose of enforcing a federal law. U. S. v. Schroeder (C. C. A.) 7 F.(2d) 60, cited with approval in the Gambino Case. In this connection the court must take judicial notice of the fact that the troopers were under orders from superior officers to aid in the enforcement of the federal law "with as much force and as much vigor as they would enforce any state law or local ordinance," and that the fact that there is no state prohibitory law should make no difference in their action, except that they must take the offenders to the federal court for prosecution, and there seems to be no question but that the state troopers believed that they were required by law to aid in enforcing the National Prohibition Act, and that the aid so given in this and other cases was accepted and acted on by the federal officials. The court cannot believe that the troopers, as state officials, had any right to search the car in question.

While the law gives an official, at the time of making an arrest, the right to search the person and the premises of the person for evidence of the crime, to say that authority given state officials to stop a driver and ask to see his license gives him authority to search the person, car, and luggage of the occupant is to set aside inalienable rights of American citizenship. Laws cannot and should not be enforced by such subterfuges. If a search was made in this case, as contended by defendants one was, the troopers in making same were trespassers. Taking judicial notice of their mistaken belief as to their authority to enforce by search and seizure the National Prohibition Act, and their belief that in so doing they were acting as agents of the United States, the court must hold that the search, if one was made, as defendants contend, was for the purpose of enforcing the Prohibition Act, and not in the performance of their duties as state officials, and

that the search, having been made for the sole purpose of aiding the prohibition officials, and having been sanctioned by them, comes squarely within the inhibitions of the Fourth and Fifth Amendments, and constitutes an unlawful search.

[2, 3] But in the motion at bar the facts do not disclose a search. The question of what constitutes a legal or illegal search, therefore, becomes immaterial here. While the evidence upon a trial may place the acts in a different light, the facts as now before the court are that the troopers, in the performance of their state duty, stopped the car in question and, while performing that duty, the defendants, by words and deeds, voluntarily disclosed to the officials that they were committing, at the time, an offense against the federal law.

In Greenberg v. U. S. (C. C. A.) 7 F.(2d) 65, and Katz v. U. S. (C. C. A.) 7 F.(2d) 67, which the Gambino Case seems to question, a search was made, and from the search evidence of the offense was obtained. Here no search was made. The defendants voluntarily disclosed the evidence by their own acts. By the voluntary acts of defendants, in opening the car and exposing the contraband, the troopers saw an offense against the laws of the United States being committed in their presence, and made the arrest and seizure. The court is of the opinion that any peace officer of the state has not only the right, but that it is his duty, to arrest without a warrant any person committing an offense against the laws of the United States in his presence.

The motion is therefore denied.