THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

July 28, 1977

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-1029

Re: Authority of local
peace officers to arrest
illegal aliens without a
warrant.

Dear Mr. Resweber:

You have asked our opinion whether a Texas peace officer
may arrest and detain a person without a warrant because the
officer has reason to believe the suspect to be an alien who
has illegally entered the United States. An alien who illegally
enters the country or eludes examination or inspection by im-
migration officials commits a federal misdemeanor offense for
the first such violation. Subsequent offenses are classified
as felonies. 8 U.S.C. § 1325.

A Texas peace officer may arrest an offender without a
warrant "for any offense committed in his presence or within
his view." Code Crim. Proc. art. 14.01(b). He may also
arrest, without a warrant,

> persons found in suspicious places and
> under circumstances which reasonably
> show that such persons have been guilty
> of some felony or breach of the peace,
> or threaten, or are about to commit
> some offense against the laws.

Code Crim. Proc. art. 14.03. Article 14.04 of the Code of
Criminal Procedure likewise authorizes a peace officer to
arrest a suspect without warrant upon the representation of
a credible person that a felony has been committed and upon
satisfactory proof that the offender is about to escape, so
that there is no time to procure a warrant.

The United States Supreme Court has construed similar
language to authorize state officers to make arrests for
federal offenses. United States v. Di Re, 332 U.S. 581 (1948).

In such a case the lawfulness of an arrest without warrant is to be determined by reference to State law. _Miller v. United States_, 357 U.S. 301 (1958); _United States v. Di Re_, supra. The Texas Court of Criminal Appeals has apparently acknowledged the authority of State officers to make arrests for federal offenses as long as procedures "conform to the state practice in similar matters, except where otherwise especially provided for. . . ." _Ex parte Jones_, 208 S.W. 525 (Tex. Crim. App. 1919). This is consistent with the view adopted by courts with reference to the laws of other states. _See Marsh v. United States_, 29 F.2d 172 (2nd Cir. 1928); _United States v. Leland_, 376 F.Supp. 1193 (D.Del. 1974); _United States v. Bumbola_, 23 F.2d 696 (N.D.N.Y. 1928); _Whitlock v. Boyer_, 271 P.2d 484 (Ariz. 1954).

We believe this general rule is applicable to the power of State officers to make arrests for immigration offenses. The power to regulate immigration is unquestionably exclusively a federal power. The Constitution nonetheless leaves room for consistent State and federal action unless Congress has manifested a clear intention to preempt State power. _De Canas v. Bica_, 424 U.S. 351 (1976). While Congress has specifically conferred upon certain officers of the Immigration and Naturalization Service (INS) the power to arrest without warrant any alien who is entering or has entered the country illegally, 8 U.S.C. § 1357, it has nowhere indicated an intention to eliminate the power of State officers to arrest aliens illegally in the country, where authorized by State law.

We turn, then, to the power under State law of Texas peace officers to arrest aliens illegally in the country. Clearly an alien committing an offense against the laws of this State may be arrested under the same terms as any other person. If local officials perceive a likelihood that an alien in custody on other charges has entered the country illegally, they should notify federal INS officers of their suspicion, and may release the suspect to the custody of federal officials after disposition of State criminal charges.

Texas peace officers do not, however, have authority to arrest an individual solely upon suspicion that he has previously entered the country illegally in violation of 8 U.S.C. § 1325, unless the officer has probable cause to believe that the suspect is committing an illegal entry or elusion in the officer's presence, or has committed a second or subsequent offense under section 1325. A first offense under 8 U.S.C. § 1325 is a misdemeanor, and we do not believe it would be considered a "breach of the peace" under standards set out by

Texas courts. See Woods v. State, 213 S.W.2d 685 (Tex. Crim. App. 1948); Head v. State, 96 S.W.2d 981 (Tex. Crim App. 1936). Thus, neither article 14.03 nor 14.04 of the Code of Criminal Procedure would authorize arrest, and article 14.01 would authorize arrest only if an offense is committed in the presence of the officer.

Article 14.01 would authorize a Texas peace officer to arrest without warrant an alien who actually makes an illegal entry into the country or eludes examination or inspection by immigration officials in the officer's presence. An illegal "entry" into the country is clearly different, however, from illegally "remaining" in the country. United States v. Evans, 333 U.S. 483 (1948). Illegally remaining in the United States likewise does not, in itself, constitute "eluding" examination or inspection by immigration authorities. Alves v. Shaughnessy, 107 F.Supp. 443 (S.D.N.Y. 1952). While the crime of entry may continue "at least until the alien has reached a 'place of temporary safety,'" Letter from Attorney General of California to Assemblyman Peter R. Chacon at 5 (Aug. 8, 1973) (Re: I/L CR 73/24, noted at 56 Ops. Cal. Atty. Gen. XVI), it is not an offense of infinite duration. See United States v. Mallides, 339 F.Supp. 1 (S.D. Cal. 1972), rev'd on other grounds, 473 F.2d 859 (9th Cir. 1973). Whether an illegal "entry" or "elusion" is occurring in an officer's presence will necessarily depend on the facts of each case.

Articles 14.03 and 14.04 of the Code of Criminal Procedure could also, if the conditions set forth therein are satisfied, see Milton v. State, No. 53,332 (Tex. Crim. App. April 13, 1977), authorize arrest upon probable cause to believe the suspect has committed a felony violation of immigration related laws. See, e.g., 8 U.S.C. § 1325 (second or subsequent illegal entry); 8 U.S.C. § 1326 (reentry of deported alien); 8 U.S.C. § 1252(e) (failure to depart after order of deportation); 8 U.S.C. § 1185 (violation of entry and exit controls during time of war or national emergency); 18 U.S.C. § 911 (false representation of citizenship); 18 U.S.C. §§ 1426, 1546 (possession of false citizenship, immigration or naturalization documents); 18 U.S.C. Appendix § 1202 (receipt, possession or transportation of a firearm in interstate or international commerce by an alien illegally in the United States). In the absence of these special circumstances, however, Texas peace officers may not arrest without warrant an alien solely upon the suspicion that he has entered the country illegally.

### S U M M A R Y

A Texas peace officer may make a warrant-
less arrest of an alien upon probable
cause to believe that an illegal entry

has occurred in the officer's presence, or, if the requirements of article 14.03 or 14.04 of the Code of Criminal Procedure are satisfied, that the suspect has committed a felony offense under the immigration laws. Aliens may be arrested for violation of State criminal laws on the same basis as other persons, and State officers may notify federal officials when such a person is suspected of being illegally in the United States and turn the suspect over to federal officials after disposition of State criminal charges. A Texas peace officer may not arrest without warrant an alien solely upon the suspicion that he has entered the country illegally.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw